IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CARLIN ROBINSON, et al.          :
                                 :
                                 :
   v.                            :          Civil No. CCB-12-192
                                 :
                                 :
DANIEL A. LIOI, et al.           :
                                 :

## MEMORANDUM

This case arises from the November 2008 murder of Veronica Williams ("Ms. Williams") by her husband, Cleaven Lawrence Williams, Jr. ("Mr. Williams"). Mr. Williams stabbed Ms. Williams outside a Baltimore court following that court's grant of her request for a protective order against Mr. Williams. Though Ms. Williams had filed assault charges against Mr. Williams several weeks earlier, the Baltimore City Police Department ("BCPD") did not serve the arrest warrant on him. Carlin Robinson ("Ms. Robinson"), as Guardian and Next Friend of Ms. Williams's children, and Eunice Graves ("Ms. Graves"), Ms. Williams's mother (collectively, "the plaintiffs"), filed this civil suit against Mr. Williams; Daniel Lioi ("Mr. Lioi"), Deputy Major of the BCPD's Eastern District; and the BCPD. The plaintiffs filed an amended complaint after the court dismissed their claims against the BCPD, adding as a defendant Melvin Russell ("Mr. Russell"), a BCPD Major.[1]

Before the court are Ms. Robinson's unopposed motion to take a second deposition of Mr. Lioi, Mr. Russell's motion to dismiss as untimely all claims in the plaintiffs' amended complaint seeking to add him as a defendant, and Mr. Russell's motion to stay discovery pending

---

[1] Mr. Russell's motion to dismiss states that he is now a lieutenant colonel. The court makes no finding on what rank Mr. Russell currently possesses, as it is immaterial to the issues presented.

1

resolution of the motion to dismiss.  The court finds oral argument unnecessary to resolve the issues.  *See* Local R. 105.6 (D. Md. 2011).  For the reasons that follow, the court will grant Ms. Robinson's motion to take a second deposition of Mr. Lioi, deny without prejudice Mr. Russell's motion to dismiss as untimely the claims against him, and deny as moot Mr. Russell's motion to stay discovery.

## BACKGROUND

Mr. and Ms. Williams lived with their three young children in Baltimore, Maryland.[2]  (Am. Compl. ¶¶ 8-9, 11, 14, ECF No. 87.)  Mr. Williams was physically abusive toward Ms. Williams, and this violence escalated throughout the course of their marriage.  (*Id.* ¶ 15.)  Ms. Williams filed assault charges against her husband a few weeks before her death, resulting in the issuance of an arrest warrant.  (*Id.* ¶¶ 16-17.)  Mr. Williams, however, was well-known to police officers as the president of the Greater Greenmount Community Association, and he was not arrested.  (*Id.* ¶ 18).  Instead of sending the warrant to the BCPD's special domestic violence unit, Mr. Lioi and Mr. Russell withheld the warrant to retain control over whether or not it would be served.  (*Id.* ¶ 21.)  Mr. Lioi and Mr. Russell also warned Mr. Williams of the warrant through text messages, and feigned efforts to serve him.  (*Id.* ¶ 22.)  When Mr. Williams appeared at the BCPD's Eastern District precinct on November 14, 2008, Mr. Lioi and Mr. Russell refused to serve or arrest him, falsely claiming the warrant could not be found.  (*Id.* ¶ 23.)

On November 17, 2008, Ms. Williams appeared before a Baltimore District Court in connection with her request for a protective order against Mr. Williams.  (*Id.* ¶ 27.)  As Ms. Williams left the courthouse following the court's grant of the protective order, Mr. Williams

---

[2] The court takes as true the allegations in the plaintiffs' amended complaint for purposes of resolving Mr. Russell's motion to dismiss.

attacked and repeatedly stabbed her. (*Id.* ¶¶ 28-29.) Ms. Williams was pregnant at the time, and miscarried on November 20, 2008. (*Id.* ¶¶ 30-31.) She died of her injuries that same day. (*Id.* ¶ 31.) Mr. Williams was found guilty of his wife's murder and is currently incarcerated. (*Id.* ¶ 11.)

The plaintiffs commenced this action on November 15, 2011, by filing a complaint in the Circuit Court for Baltimore City, Maryland. The defendants removed the case to this court on January 19, 2012. On July 18, 2012, the court denied Mr. Lioi's motion to dismiss but granted the BCPD's motion to dismiss the claims against it. The Fourth Circuit affirmed in an unpublished decision. *Robinson v. Lioi*, 536 Fed. App'x 340 (2013), *cert. denied*, 134 S. Ct. 1515 (2014). On June 12, 2014, the plaintiffs filed an amended complaint adding Mr. Russell as a defendant. On August 6, 2014, Ms. Robinson moved to take a second deposition of Mr. Lioi, based on her recent discovery of domestic violence complaints against him. On August 8, 2014, Mr. Russell moved to dismiss all claims against him based on the alleged running of the applicable statutes of limitations and the alleged failure of the claims against him to relate back to the filing of the original complaint. Mr. Russell also moved to stay discovery pending resolution of the motion to dismiss. The plaintiffs opposed Mr. Russell's motions,[3] arguing that they did not learn of Mr. Russell's alleged involvement in the circumstances surrounding Ms. Williams's murder until Mr. Lioi testified in his deposition that he acted on Mr. Russell's instructions.

## ANALYSIS

**Motion to Take a Second Deposition of Mr. Lioi**

Ms. Robinson moved to depose Mr. Lioi for a second time because she recently learned

---

[3] Ms. Robinson filed a response to the motion to dismiss, and Ms. Graves filed a notice joining in that response.

of domestic violence complaints against him, which she says are relevant to the claims in this case. Mr. Lioi has not filed an opposition despite the court's grant of extensions of time to do so. The court will therefore grant Ms. Robinson's motion.

**Motion to Dismiss Standard**

When ruling on a motion under Rule 12(b)(6), the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). "Even though the requirements for pleading a proper complaint are substantially aimed at assuring that the defendant be given adequate notice of the nature of a claim being made against him, they also provide criteria for defining issues for trial and for early disposition of inappropriate complaints." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). "The mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters*, 684 F.3d at 439 (citation omitted). "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

**Relation Back**

Mr. Russell moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that the claims against him are time-barred. The plaintiffs respond that under Federal Rule of Civil Procedure 15(c)(1)(C), their amended complaint relates back to the date of their original complaint such that Mr. Russell may properly be added as a defendant. Mr. Russell disagrees.

Under Federal Rule of Civil Procedure 15(c)(1), an amended complaint relates back to the filing date of the original complaint when

> (A) the law that provides the applicable statute of limitations allows relation back;
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1).

The plaintiffs seek to add Mr. Russell as a party. Because adding a party changes the party against whom a claim is asserted, Federal Rule of Civil Procedure 15(c)(1)(C) provides the requirements applicable here. *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 548 n.3 (2010). Under the three-part test set forth in Rule 15(c)(1)(C),

> an amendment that changes the party against whom a claim is asserted relates back to the date of the original pleading if (1) the claim in the amended complaint arose out of the same transaction that formed the basis of the claim in the original complaint; (2) the party to be brought in by the amendment received notice of the action such that it will not be prejudiced in maintaining a defense to the claim; and (3) it should have known that it would have originally been named a defendant "but for a mistake concerning the identity of the proper party."

*Goodman v. Praxair, Inc.*, 494 F.3d 458, 467 (4th Cir. 2007) (en banc).

Mr. Russell does not dispute that the claims against him arise from the same transaction that formed the basis of the claims in the plaintiffs' original complaint. Rather, he argues (1) the plaintiffs did not give him formal or informal notice of this action within Rule 4(m)'s 120-day period following the filing of the original complaint, and (2) there was no mistake regarding the proper party's identity.

As to Mr. Russell's first argument, Mr. Russell misunderstands the focus of Rule 15(c)(1)(C)(ii). That provision requires that the putative defendant "receive[ ] . . . notice of the action," not that the plaintiff must be the one to provide that notice. Mr. Russell has not alleged that he did not learn of the suit within 120 days of the filing of the original complaint. The court therefore will decline at this time to hold that Mr. Russell did not receive notice of the action.[4]

As to the issue of the plaintiffs' "mistake concerning the identity of the proper party," Mr. Russell first argues that Rule 15(c) "does not help a plaintiff who fails to respond to notice of a potential party." (Def.'s Reply in Supp. of Mot. to Dismiss 4, ECF No. 116.) But, as the Supreme Court has pointed out, "Rule 15(c)(1)(C)(ii) asks what the prospective *defendant* knew or should have known during the Rule 4(m) period, not what the *plaintiff* knew or should have known at the time of filing her original complaint." *Krupski*, 560 U.S. at 548.[5] Mr. Russell next argues that "a plaintiff's misunderstanding regarding who is liable is not a mistake as to a [d]efendant's identity under the Rule." (Def.'s Reply in Supp. of Mot. to Dismiss 4-5.) This

---

[4] Mr. Russell also states, without argument or support, that he will be "prejudiced substantially by Plaintiffs' delay in suing him." (Def.'s Mot. to Dismiss 6, ECF No. 98.) This conclusory statement does not establish prejudice.
[5] Mr. Lioi testified in his deposition that he spoke with Mr. Russell about the suit. (Pl.'s Resp. to Mot. to Dismiss Ex. 6 at 557, ECF No. 112-7.) Further, BCPD Commissioner Frederick H. Bealefeld III reprimanded Mr. Lioi and Mr. Russell in a May 7, 2009, letter summarizing the findings and conclusions of an internal investigation of the circumstances surrounding Mr. Williams's arrest warrant. (Pl.'s Resp. to Mot. to Dismiss Ex. 7, ECF No. 112-8.)

argument also has been rejected by the Supreme Court, which has held that "a finding that Rule 15(c)(1)(C) has been satisfied" is not foreclosed by "a deliberate but mistaken choice," such as when a plaintiff misunderstands a prospective defendant's "status or role in the events giving rise to the claim" and "mistakenly choose[s] to sue a different defendant based on that misimpression." *Krupski*, 560 U.S. at 549. *See also Goodman*, 494 F.3d at 468-73 (rejecting a restrictive interpretation of "mistake" under Rule 15(c)).

Accordingly, the court will deny without prejudice Mr. Russell's motion to dismiss, and will deny as moot Mr. Russell's motion to stay discovery.[6] Because the plaintiffs' claims against Mr. Russell appear to relate back to the filing of their original complaint, the court does not at this time address the parties' arguments as to whether the discovery rule tolled the applicable statutes of limitations.[7]

## CONCLUSION

For the reasons stated above, the plaintiffs' unopposed motion to take a second deposition of Mr. Lioi will be granted, Mr. Russell's motion to dismiss will be denied without prejudice, and Mr. Russell's motion to stay discovery will be denied as moot.

A separate order follows.

October 9, 2014        /s/
Date                   Catherine C. Blake
                       United States District Judge

---

[6] The parties have agreed to a modification of the court's scheduling order extending the discovery deadline until 90 days after the court rules on Mr. Russell's motion to dismiss.

[7] In any event, a decision regarding applicability of the discovery rule would be better made after further development of the factual record.